FILED

**UNITED STATES DISTRICT COURT**
~~████████████████████~~
~~████████████~~

2015 JAN 26  PM 1: 30

_middle  district  of  flor ida_
_orlando  Division_

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| Patricia Parker, | : Civil Action No.: _6:15-CV-114-ORL-37-DAB_ |
| Plaintiff, | : |
| v. | : |
| Exeter Finance Corp., | : **COMPLAINT** |
| Defendant. | : |
| | : |

For this Complaint, the Plaintiff, Patricia Parker, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      The Plaintiff, Patricia Parker ("Plaintiff"), is an adult individual residing in Kissimmee, Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

4.      Defendant Exeter Finance Corp. ("Exeter"), is a Texas business entity with an address of 222 Las Colinas Boulevard W, Suite 1800, Irving, Texas 75039-5438, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.      Within the last year, Exeter contacted Plaintiff in an attempt to collect a consumer debt allegedly owed by Plaintiff.

6.      The calls were placed to Plaintiff's cellular phone, number 276-xxx-1665.

7.      The calls were placed from telephone number 800-321-9637.

8.      When Plaintiff answered the phone, she was met with a period of silence followed by an automated click at which point the call was transferred to Exeter operator.

9.      Other times, Plaintiff heard music or beeping sound and there was no live person available to whom Plaintiff could speak.

10.     The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

11.     Plaintiff does not know how Exeter acquired her cellular phone number.  Plaintiff did not provide it to Exeter.

12.     Plaintiff did not provide prior express consent to Exeter to place calls to her cellular phone number.

13.     The volume of calls placed by Exeter has reached up to 12 calls in a single day.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

14.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

16.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..."*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

17.     Defendant's telephone systems have all the earmarks of a Predictive Dialer.

18.     When Plaintiff answered the phone, Defendant's telephone system did not connect the call to a live representative and the phone system would terminate the call.

19.     Other times, when Plaintiff answered the phone, she was met with a period of silence or music before Defendant's telephone system would connect her to the next available representative.

20.     Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21.     Plaintiff never provided her cellular telephone to Defendant and never provided her consent to be contacted on her cellular telephone.

22.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

24. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 10, 2014

Respectfully submitted,

By */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar # 43283
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250

Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
Attorneys for Plaintiff